UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LARRY SAUVE, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) Civil No. 07-125-P-S |
| | ) |
| MARK DION, Sheriff | ) |
| | ) |
| Respondent | ) |

### *Order Staying Habeas Petition*

Larry Sauve has filed a 28 U.S.C. § 2254 form petition claiming that the bail set

by the State of Maine after his arrest for manslaughter is excessive.[1]  The State has filed a

motion to stay the petition. (Docket No. 9.)[2]  In this motion the State explains that Sauve

is not "in custody" under the challenged bail determination because a state court judge

has determined that he is not competent to stand trial and Sauve has been committed to

the custody of the Commissioner of the Maine Department of Health and Human

Services for evaluation.  It is the State's recommendation that, in the interest of judicial

economy, this court stay consideration of Sauve's habeas petition until the state court

reconsiders its competency determination.

Sauve does object to this proposal claiming he is competent to stand trial and that

this court does not have the authority to stay the proceeding.  For the latter proposition

Sauve cites to 28 U.S.C. § 2283, which provides: "A court of the United States may not

grant an injunction to stay proceedings in a State court except as expressly authorized by

---

[1]      As part of this assertion, Sauve indicates that he believes that the State's case against him is thin,
based on three conflicting statements by one witness who is not believable.

[2]      The State indicates that Sauve should have actually framed his petition as one brought pursuant to
28 U.S.C. § 2241.

Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate

its judgments."  28 U.S.C. § 2283 (emphasis added).  However, the proceeding in

question is a <u>federal</u> proceeding and this court has the authority to stay the action.

As it would not be possible for this court to provide Sauve with any relief on the

ground raised in his pending habeas petition given his current custody status, I conclude

that the best solution is to stay this proceeding.  This stay will not be in effect

indefinitely; the State is directed to provide the court with a status report on Sauve's

custody status by no later than November 30, 2007.

<b><u>CERTIFICATE</u></b>

Any objections to this Order shall be filed in accordance with Fed.R.Civ. P. 72.

*So Ordered.*

September 26, 2007                         /s/ Margaret J. Kravchuk
                                           U.S. Magistrate Judge