UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LARRY SAUVE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. 7-125-P-S |
| | ) |
| DION, SHERIFF, | ) |
| | ) |
| Respondent. | ) |

## RECOMMENDED DECISION

Larry Sauve, who is awaiting trial on state charges of manslaughter, has been held in custody since October 3, 2006, initially, because he was unable to furnish the cash or surety bail alternatives set by the court, and subsequently, because the state court ordered him held without bail in a state forensic psychiatric unit in order to obtain an evaluation of his mental status. On July 16, 2007, Sauve filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he was unconstitutionally detained on excessive bail. I ordered the State of Maine to answer the petition, which it did on August 9, 2007, by filing a motion to stay this action. The case remained stayed until December 26, 2007, subject to periodic status reports from the State of Maine. After I entered an order lifting the stay, the State of Maine filed, on January 16, 2008, a motion to dismiss (Doc. No. 21). I now recommend the court grant the motion and dismiss this petition without prejudice.

## PROCEDURAL BACKGROUND

On October 5, 2006, the State of Maine filed a criminal complaint in the Superior Court at Cumberland County that charged Petitioner Larry K. Sauve with one count of Class A manslaughter. State of Maine v. Larry K. Sauve, Me. Super.Ct., Cum. Cty., PORSC-CR- 2006-02807. (See Docket No. 21-2.) At his initial appearance on the

complaint that same date, the Superior Court (Brodrick, J.) set bail for Sauve in the amount of $100,000 single surety, or 50% cash.  Counsel was appointed to represent Sauve.  On November 2, 2006, Sauve filed a motion to amend the conditions of bail to allow him to have contact with his girlfriend Hope Johnson, who apparently was an eyewitness to the homicide.  On November 9, 2006, the Cumberland County Grand Jury returned an indictment that charged Sauve with a single count of Class A manslaughter.  On November 22, 2006, Sauve entered a not guilty plea to the indictment at his arraignment.  At the arraignment, the Superior Court (Warren, J.) denied Sauve's motion to amend the bail set by Justice Brodrick and ordered that bail continue as previously set.

On December 18, 2006, Sauve filed an "Application for Writ of Habeas Corpus and Review of Bail" with the Maine Supreme Judicial Court, asserting in part that his bail was excessive in violation of the Eighth Amendment to the United States Constitution.  On January 18, 2007, the State of Maine filed a motion to dismiss the petition on jurisdictional grounds.  On January 19, 2007, Maine Supreme Judicial Court Associate Justice Jon D. Levy conducted a de novo review of the Superior Court's bail order in Sauve's case and affirmed it.  Sauve then filed a pro se motion for reconsideration.  On July 9, 2007, Justice Levy denied the motion.

On July 12, 2007, the Superior Court (Warren, J.) found Sauve incompetent to stand trial pursuant to 15 M.R.S.A. § 101-B(4)(A), and ordered that he be committed to the custody of the Commissioner of the Maine Department of Health and Human Services (HHS) for evaluation.  On July 11, 2007, Sauve signed the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus, and filed it in this Court on July 16, 2007. On the State's motion, over Sauve's objection, I stayed the above matter on September 26,

2007, pending the state court's reconsideration of its competency determination in Mr. Sauve's case.

On December 17, 2007, the Superior Court formally entered an order finding that Mr. Sauve was competent, and ordered trial to commence on April 7, 2008. In accordance with the recommendation of the psychological evaluator, the Court further ordered that Mr. Sauve was to remain at the Riverview Psychiatric Facility pending trial. On December 26, 2007, I lifted the previously-imposed stay order and ordered the State to respond to Sauve's 2254 § petition by no later than February 1, 2008. On January 16, 2008, the State filed its motion to dismiss. Sauve objected to the motion to dismiss and filed a response that I found difficult to decipher. The State then filed a further status report on February 14, 2008, explaining that (unbeknownst to the assistant attorney general handling the case) on January 4, 2008, Sauve's counsel in the pending state criminal proceeding had filed a motion to amend bail and a motion to withdraw as counsel because Sauve wanted to represent himself at trial. On January 17, 2008, a hearing was held on both motions and the Superior Court (Warren, J.), rather than ruling on the motions, issued another order to the State Forensic Service to determine whether Sauve was competent to stand trial and to waive his right to be represented by counsel. The Court further ordered that Sauve was to be housed at the Riverview Psychiatric Center pending that determination.

## DISCUSSION

Upon my initial review of this petition I expressed some concern about threshold jurisdictional issues. (Order to Answer at 2, Docket No. 2.) In response the State of

Maine has provided the following position regarding this court's jurisdiction to hear and decide this petition on the merits.

> To the extent that Sauve is asserting a violation of the Eighth Amendment to the United States Constitution, it would appear to the State that the Court would have jurisdiction to address the merits of the petition pursuant to 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless ... he is in custody in violation of the Constitution ..."); Atkins v. Michigan, 644 F.2d 543, 546 n. 1 (6th Cir. 1981); Hoover v. Golder, 2006 U.S. Dist. LEXIS 26298 * 1 (D. Col., Apr. 24, 2006). The Court would not be exercising its section 2254 jurisdiction in this instance, however, as Petitioner Sauve is not in custody pursuant to a "judgment" of the Maine courts yet, given his pretrial status. Id.; Atkins, 644 F.2d at 546 n.1.

(Mot. Dismiss. At 4, Docket No. 21.)

The First Circuit takes a similar view regarding this court's 28 U.S.C.§ 2241 jurisdiction in cases where a petition is asserting a pretrial constitutional violation resulting in petitioner's custody. Gonzalez v. Justices of Municipal Court of Boston, 382 F.3d 1, 6 (1st Cir. 2004) rev'd on other grounds, 544 U.S. 918 (2005).

Nevertheless, the State has now moved to dismiss this 28 U.S.C. § 2254 petition on two grounds: (1) the petition is moot because Sauve is no longer being held in state custody pursuant to the bail order; and (2) Younger v. Harris, 401 U.S. 37 (1971) requires this court to abstain from exercising its jurisdiction because of the ongoing state proceedings. I agree with the State that the § 2254 petition filed by Sauve is now moot because he is no longer being held simply because he is unable to furnish the cash alternative or surety bond that was set by the state court justice. Sauve filed this petition raising a relatively straightforward issue, i.e., that the bail amount was excessive under the Eighth Amendment to the United States Constitution, given his financial circumstances.

Because Sauve is now held pursuant to Justice Warren's order of commitment to Riverview Psychiatric Center and because Sauve's trial has been scheduled for April 8, 2008, the issues raised in the initial petition are moot. Should Sauve be returned to a county jail or should his trial fail to commence as scheduled, he could return to this court with a new petition and this court would then be in a better position to consider whether <u>Younger</u> abstention is appropriate, based upon what order/judgment then holds Sauve in custody and based upon the progress of his case toward trial.

In view of the foregoing discussion, I recommend the State's motion to dismiss be granted and the currently pending petition be dismissed without prejudice to Sauve's right to renew a petition pursuant to 28 U.S.C. § 2241 should he return to the status of a pretrial detainee unable to post bond or should his trial be delayed substantially beyond April 8, 2008, for reasons beyond his control.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

February 26, 2008.